Matter of the Application of L. C. A. K. MARTENS for the Cancellation of the Subpœna Issued by the Joint Legislative Committee of the State of New York.

(Supreme Court, New York Special Term, December, 1919.)

**Subpoena — duces tecum — when motion to cancel denied — Code Civ. Pro. §§ 854, 867.**

Where a subpoena *duces tecum* issued by a joint legislative committee under section 854 of the Code of Civil Procedure shows that the purpose of the examination of the person subpoenaed was strictly in accordance with the scope of the inquiry which said committee was empowered to conduct, a motion under section 867 of said Code to cancel the subpoena will be denied.

APPLICATION for an order canceling a subpœna *duces tecum*.

Charles Recht (Dudley Field Malone, of counsel), for petitioner.

Chas. D. Newton, attorney-general (Samuel A. Berger, of counsel), for state.

GREENBAUM, J. The applicant above mentioned moves on his own affidavit for an order to cancel a subpœna *duces tecum* issued by a joint legislative committee and heretofore served upon him and to restrain and enjoin that committee " from issuing any other or further subpœna, order or direction requiring the said L. C. A. K. Martens to appear before that committee or the Attorney-General of the State of New York, or any other person or body, and to produce any books, papers, documents and correspondence with the Government of the Russian Socialistic Federal Soviet Republic, or to be examined concerning the same and

for such further and other relief as the court may
deem proper.'' The moving papers contain a copy of
a resolution adopted by the legislature of the state of
New York providing for the appointment of a joint
committee of the senate and assembly to investigate
the scope, tendencies and ramifications of seditious
activities in the community, designed to accomplish
the overthrow of the government of this state, and to
report the result of its investigations to the legis-
lature, to the end that it may enact '' such legislation
as may be necessary to protect the government of the
state.'' The resolution empowers the committee *inter
alia* '' to compel the attendance of witnesses and the
production of books and papers  *  *  *  and shall
have power to sit anywhere within the state, and shall
otherwise have all the powers of a legislative com-
mittee, as provided in the Legislative Law, including
the adoption of rules for the conduct of these proceed-
ings.'' The motion papers are also accompanied with
a copy of the subpœna *duces tecum* served upon the
applicant, in which it is expressly stated that the
applicant was called as a witness '' to testify and give
evidence in a certain investigation now pending of
seditious activities within the State of New York.''
The respondent, the legislative committee, through its
counsel, challenges the right of the applicant to apply
to this court in a summary manner by affidavit either
to set aside the subpœna or to grant the injunction as
asked for. The attention of the court has not been
called by the applicant to any authority in the Code
of Civil Procedure or elsewhere which would entitle
him to the relief sought by means of a summary motion
upon his affidavit. It does not appear that there is
any action pending in this court by the applicant
against the committee or that this proceeding is made

pursuant to any provision of the Code of Civil Procedure. The resolution expressly empowers the legislative committee to issue subpœnas. Section 854 of the Code also authorizes the issuance of a subpœna under the hand of the chairman of the committee, which appears to have been done in the matter under review. The subpœna by its terms shows that the purpose of the examination of the applicant was strictly in accordance with the scope of the inquiry which the committee was empowered to conduct. The counsel for the applicant justifies the motion by reason of the provisions of section 867 of the Code of Civil Procedure, and particularly that portion of it which provides as follows: "At any time after service of such a subpœna or order, the witness may obtain, upon such a notice as the judge, referee or other officer prescribes, an order relieving him wholly or partly from the obligations imposed upon him by the subpœna or the order for production, upon such terms as justice requires touching the inspection of the book or any portion thereof, or taking a copy thereof or extracts therefrom or otherwise." A study of that section clearly indicates that it refers only to a trial or hearing pending in a court, in which case an order may be made by the judge or by a referee duly appointed in the cause, relieving the witness from the obligations imposed upon him by the subpœna, or to a special proceeding pending out of court before an officer, in which case such an order may be made by the officer or referee. Moreover, it will be observed that that section refers only to a " book of account " and to no other papers. The motion must be denied.

Motion denied.